UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

DEVON E. WORDS,

        Petitioner,

v.                                                               Case No. 24-cv-1641-bhl

JOY TASSLER, Warden,

        Respondent.

## ORDER DENYING MOTION FOR RELEASE ON BAIL

       Petitioner Devon E. Words, a state prisoner currently incarcerated at Kettle Moraine Correctional Institution, has filed a petition for writ of habeas corpus under 28 U.S.C. §2254. (ECF No. 1.) The petition is fully briefed and will be decided by the Court in due course. Petitioner has also filed a motion for release on bail. (ECF No. 18.) Respondent opposes the motion. (ECF No. 20.) For the following reasons, the Court will deny Petitioner's motion for release on bail.

       A federal court may grant bail to habeas corpus petitioners. *Bolante v. Keisler*, 506 F.3d 618, 619–20 (7th Cir. 2007) (citing *Cherek v. United States*, 767 F.2d 335, 337 (7th Cir. 1985). The power, however, is "to be exercised very sparingly" because "[a] defendant whose conviction has been affirmed on appeal . . . is unlikely to have been convicted unjustly. . . . And the interest in the finality of criminal proceedings is poorly served by deferring execution of sentence till long after the defendant has been convicted." *Cherek*, 767 F.2d at 337.

       The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) limits a federal court's ability to grant habeas corpus relief. To obtain relief under AEDPA, a petitioner must show that he is "in custody in violation of the Constitution or laws or treaties of the United States." *Jones v. Basinger*, 635 F.3d 1030, 1040 (7th Cir. 2011) (quoting 28 U.S.C. §2254(a)). In ruling on a petition for habeas relief, the Court applies a standard of review that is "highly deferential" and "demands that state-court decisions be given the benefit of the doubt." *Renico v. Lett*, 559 U.S. 766, 773 (2010) (citations omitted). It is intentionally very difficult to meet. *See Metrish v. Lancaster*, 569 U.S. 351, 357–58 (2013). In this case, Petitioner was convicted by a jury of second-degree intentional homicide and possession of a firearm by a person adjudicated delinquent, (ECF

No. 1 at 2), and his Section 2254 petition is premised upon an allegation of ineffective of assistance of trial counsel, (*id.* at 13–14). Where the state court addressed an ineffective assistance of counsel claim on the merits, this Court's review is "doubly" deferential, and the petitioner must overcome both *Strickland v. Washington*, 466 U.S. 668 (1984) and AEDPA's highly deferential standards. *See Harrington v. Richter*, 562 U.S. 86, 105 (2011). Although Petitioner believes he has a strong likelihood of success on the merits, the Court notes that many (perhaps most) habeas petitioners are confident in their chances of success on the merits. At this juncture, however, and without offering any opinion as to the merits of Petitioner's arguments, the Court concludes that Petitioner's chance of success is not readily apparent, and he has failed to justify the extraordinary relief that he seeks.

Accordingly,

**IT IS HEREBY ORDERED** that Petitioner's motion for release on bail, ECF No. 18, is **DENIED**.

Dated at Milwaukee, Wisconsin on October 27, 2025.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge